UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                      :
JAMES MANNING,                                        :
                                   Plaintiff,         :
                   -against-                          :          24 Civ. 4747 (LGS)
                                                      :
CITY OF NEW YORK, et al.,                             :          **ORDER**
                                   Defendants.        :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    Plaintiff, proceeding pro se, filed this suit seeking a temporary restraining order (the

"TRO Application") that would (1) stop the foreclosure sale of property owned by the Bethelite

Community Baptist Church ("Bethelite"), (2) require this Court to review the judgment in the

underlying state court foreclosure proceeding and (3) award the relief requested in Plaintiff's

related lawsuit, No. 23 Civ. 2352.  After a hearing held on July 9, 2024, the TRO Application is

denied.

    **I.    Background**

    Familiarity with the facts and procedural history is assumed.  The facts described below

are those that relate directly to the TRO Application.

    Plaintiff, proceeding pro se, filed a different action, No. 23 Civ. 2352, on March 17,

2023, alleging that a tax lien was improperly entered against Bethelite, a church for which

Plaintiff is the pastor, for unpaid water and sewer taxes.  Plaintiff's Complaint alleges that the tax

lien and its sale to Bank of New York Mellon and the 1998-2 Trust have denied Plaintiff his right

to freedom of speech and religious liberty.

    On June 21, 2024, Plaintiff filed this related action regarding the Bethelite tax lien.  In

this action, Plaintiff seeks emergency injunctive relief in the form of a temporary restraining

order ("TRO") to prevent the foreclosure sale of the property owned by Bethelite until this Court

adjudicates No. 23 Civ. 2352.   On July 1, Defendants responded to Plaintiff's TRO Application.

On July 8, 2024, Plaintiff filed a reply in support of the TRO Application, styled as an

amendment to the Application, which responds to the arguments raised in Defendants' responses

and does not request amendment to the TRO Application.   On July 9, 2024, the Court heard oral

argument on the TRO Application.

## II.    STANDARD

In the Second Circuit, the same legal standard governs the issuance of preliminary

injunctions and TROs.  *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping*

*Ass'n, Inc*., 965 F.2d 1224, 1228 (2d Cir. 1992); *Bragg v. Jordan*, 669 F. Supp. 3d 257, 266

(S.D.N.Y. 2023), *appeal dismissed sub nom*. *Bragg v. Pomerantz*, No. 23-615, 2023 WL

4612976 (2d Cir. Apr. 24, 2023).  A party seeking a TRO must show "(1) irreparable harm;

(2) either a likelihood of success on the merits or both serious questions on the merits and a

balance of hardships decidedly favoring the moving party; and (3) that a [TRO] is in the public

interest."  *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc*., 883 F.3d 32, 37 (2d

Cir. 2018).[1]

The Court construes pro se pleadings liberally and interprets them to raise the strongest

arguments that they suggest.  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).

Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of

procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d

Cir. 2006);  *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc*., No. 22 Civ. 1138, 2023

WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

III.    DISCUSSION

Before addressing the merits of the TRO Application, the Court must evaluate whether it has subject matter jurisdiction. *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023). The Court lacks subject matter jurisdiction because Plaintiff's claims are barred by the Anti-Injunction Act and *Younger* abstention and because Plaintiff lacks standing. The TRO Application is denied because the Court does not have the power to adjudicate the Plaintiff's claims.

    a.    **Anti-Injunction Act**

The TRO Application is barred by the Anti-Injunction Act because it seeks to enjoin a state court proceeding. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283; *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 159 (2d Cir. 2019). "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *accord Ochei v. Lapes*, No. 19 Civ. 3700, 2020 WL 528705, at *3 (S.D.N.Y. Jan. 31, 2020). The exceptions to the Anti-Injunction Act are narrow. *See Wyly v. Weiss*, 697 F.3d 131, 137-39 (2d Cir. 2012); *Kaplan*, 919 F.3d at 159.

State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the United States Supreme Court. *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020) (summary order) (quoting *Atl. Coast Line R.R. Co.*, 389 U.S. at 287). Courts in the Second Circuit consistently have held that the Anti-Injunction Act bars federal

actions that attempt to enjoin state court foreclosure proceedings.  *See, e.g.*, *Lau v. Specialized Loan Servicing, LLC*, No. 23 Civ. 1385, 2024 WL 3219810, at *11 n.8 (S.D.N.Y. June 28, 2024); *Ajaero v. Obama*, No. 23 Civ. 8096, 2023 WL 7386583, at *5 (S.D.N.Y. Nov. 7, 2023); *Gomez v. Yisroel*, No. 21 Civ. 2172, 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021).

Plaintiff here seeks to enjoin the state court foreclosure proceeding while his actions before this Court are pending.  The TRO Application does not fall within any of the three Anti-Injunction Act exceptions as (1) there is no congressional Act exempting foreclosure actions from the Anti-Injunction Act, (2) the state court proceeding is not *in rem* and (3) there have not been extensive federal court proceedings nor has this Court entered any judgments that would require protection from the state court.  *See Wyly*, 697 F.3d at 137-39 (the in-aid-of-jurisdiction exception applies only to *in rem* proceedings or where extensive federal litigation preceded the state court litigation and the re-litigation exception implements claim and issue preclusion principles).  Plaintiff's TRO Application is therefore barred by the Anti-Injunction Act.

### b.  *Younger* Abstention

The TRO Application is also barred by *Younger* abstention.  The *Younger* abstention doctrine cautions against enjoining or otherwise interfering in ongoing state proceedings.  *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013); *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019), *aff'd and remanded*, 591 U.S. 786 (2020).  *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts."  *Sprint*, 571 U.S. at 72-73; *accord Ajaero*, 2023 WL 7386583, at *5.  "*Younger* abstention is grounded partly on traditional principles of equity, but primarily on the even more vital consideration of comity," reflecting a

4

"proper respect for state functions, a recognition of the . . . separate state governments, and a . . . belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Trump*, 941 F.3d at 637.

*Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions "concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court." *Ochei*, 2020 WL 528705, at *4; *accord Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (summary order) (state court orders "relating to [plaintiff's] foreclosure are uniquely in furtherance of the state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts."). Plaintiff's TRO Application seeking to enjoin the foreclosure sale is therefore barred by *Younger* abstention.

### c. Standing

Plaintiff lacks standing to bring claims regarding the propriety of the tax lien, as those are claims on behalf of a third party, Bethelite. Article III of the Constitution confines federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case -- in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The doctrine imposes three requirements: "[T]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Moya v. United States Dep't of Homeland Sec.*, 975 F.3d 120, 129 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected

interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.*

A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Rajamin v. Deutsche Bank Nat. Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014); *accord Kallas v. Egan*, 842 F. App'x 676, 678 (2d Cir. 2021) (summary order).  However, a "plaintiff may assert the constitutional claims of a third party if the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests." *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003); *accord Justin v. Tingling*, No. 22 Civ. 10370, 2024 WL 246021, at *3 (S.D.N.Y. 2024).

Plaintiff lacks standing to assert claims on behalf of Bethelite regarding the propriety of the tax lien levied against Bethelite and the foreclosure sale of Bethelite's property.  Plaintiff argues that he has standing to bring these claims because he is the pastor and a senior member of the church and has an ownership interest in his living space on the property.  Even assuming Plaintiff has satisfied the first two requirements of a third-party constitutional claim -- injury to Plaintiff and a close relationship to the third party -- the TRO Application does not sufficiently allege some hindrance to Bethelite's ability to protect its own interests, namely to seek relief from the foreclosure sale.  That Bethelite was able to litigate its interests in over twenty years of litigation in New York state courts further undermines any argument that Bethelite cannot pursue its own interests here.  *See Justin*, 2024 WL 246021, at *3 (noting that "the numerous cases brought by criminal defendants concerning their right to a representative jury demonstrates that there is no hindrance to defendants asserting their own Sixth Amendment rights").  Because

Bethelite is not unable to protect its own interests, Plaintiff lacks standing to assert third-party claims on behalf of Bethelite, including claims that the tax lien was imposed in violation of Bethelite's freedom of religion and freedom of speech, and that, as a result, the foreclosure sale should not proceed.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's TRO Application is **DENIED**, without prejudice to Plaintiff's ability to pursue relief in state court, to the extent that relief is available.  Because the case seeks as its sole remedy injunctive relief to block the state foreclosure action, the case is **DISMISSED** *sua sponte* for lack of subject matter jurisdiction for the same reasons that the TRO is denied.  To the extent that Plaintiff's submission at Dkt. 14 is a motion to amend, it is **DENIED** as futile for the same reasons.

The Clerk of Court is respectfully directed to terminate the case.

Dated: July 11, 2024
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**